BENJAMIN B. WAGNER
United States Attorney
KIRK E. SHERRIFF
HENRY Z. CARBAJAL III
JEFFREY A. SPIVAK
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELISEO JARA JR.,<br>SERGIO JARA, and<br>MELISSA JARA,<br><br>Defendants. | 1:12-CR-00213-AWI<br><br>**STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON** |

IT IS HEREBY STIPULATED by and between the United States of America and petitioner EverBank, to compromise and settle their interest in the following property[1], and to stipulate and consent to the entry of a Final Order of Forfeiture as to the following property pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 981(a)(1)(D), 982(a)(1), 982(a)(2), 28 U.S.C. § 2461, and Fed.Crim. P. 32.2(b) (1):

1. Real Property Located at 1104 Potomac Avenue, Bakersfield, Kern County, California, APN:018-073-22;

2. Real Property Located at 131 S. Owens Street, Bakersfield, Kern County, California, APN:018-270-36;

3. Real Property Located at 415 S. Haley Street, Bakersfield, Kern County, California, APN: 019-072-17;

---

[1] EverBank only claims an interest in the Real Property located at 1413 Monterey Street (as defined herein).

1

4. Real Property Located at 423 Powell Lane, Bakersfield, Kern County, California, APN: 019-241-26;

5. Real Property Located at 416 Williams Street, Bakersfield, Kern County, California, APN: 019-082-04-00;

6. Real Property Located at 1413 Monterey Street, Bakersfield, Kern County, California, APN:015-310-04;

7. 2007 Lexus GS350, California License Number 6EYY317, VIN: JTHBE96S670025923;

8. Approximately $110,419.28 in United States Currency seized from Bank of the Sierra Account Number 1600833280 (Bank of the Sierra Cashier's Check #310062):

9. A personal forfeiture money judgment in the amount of $5,664,250.00 (Eliseo Jara, Jr. only, ECF #275):

10. A personal forfeiture money judgment in the amount of $4,743,500.00 (Sergio Jara only, ECF #276): and

11. A personal forfeiture money judgment in the amount of $534,750.00 (Melissa Jara only, ECF #279).

This stipulation for Final Order of Forfeiture is entered into between the parties pursuant to the following terms:

1. On or about March 2, 2015, defendants Eliseo Jara, Jr. and Sergio Jara entered pleas of guilty to Count One of the Indictment which charges them with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349. ECF Nos. 203 and 204. On this same date, defendant Melissa Jara entered a plea of guilty to Count Twenty-Two of the Indictment which charges her with Wire Fraud in violation of 18 U.S.C. § 1343. ECF No. 202. On March 2, 2015, Lisa Jara, wife of defendant Eliseo Jara Jr., agreed to forfeit all of her right, title, and interest in the above listed assets. ECF No. 205. The Court entered Preliminary Orders of Forfeiture on October 5, 2015, forfeiting all of defendants Eliseo Jara, Jr., Sergio Jara, and Melissa Jara's right, title, and interest in all the above-listed assets. ECF Nos. 275, 276, and 279. Pursuant to 18 U.S.C. § 982(b) (1), incorporating 21 U.S.C. § 853(n), the United States sent direct notice to EverBank.

2. Beginning on December 22, 2015, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet

government forfeiture site www.forfeiture.gov. Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property. Declarations of Publication were filed on February 4, 2016. ECF Nos. 324, 325, and 326.

3. On January 27, 2016, EverBank filed a Petition for Ancillary Hearing claiming an interest in the real property located at 1413 Monterey Street in Bakersfield, California, Kern County APN: 015-310-01-00-0. ECF #320.

4. No other party or entity has filed a petition asserting an interest in the assets listed above, and the time in which any person or entity may file a petition has expired.

5. The parties hereby stipulate that EverBank is a lien holder on the real property located at 1413 Monterey Street in Bakersfield, California, Kern County APN: 015-310-01-00-0 (hereafter "Monterey Street"). EverBank has a legal right, title, or interest in the Monterey Street property, and such right, title, or interest requires the Court to amend the Preliminary Orders of Forfeiture as to Eliseo Jara, Jr., Sergio Jara, and Melissa Jara, pursuant to Fed. R. Crim. P. 32.2(c)(2), because such interest was vested in EverBank and/or was superior to that of defendants Eliseo Jara, Jr., Sergio Jara, and Melissa Jara at the time of the commission of the acts which give rise to the forfeiture of the real property located at Monterey Street. *See* 21 U.S.C. § 853(n) and 31 U.S.C. § 5317(c) (1) (B). The parties further stipulate, however, that Eliseo Jara, Jr., Sergio Jara, and Melissa Jara may have an ownership interest in the Monterey Street property, and the Preliminary Orders of Forfeiture remain valid to the extent it orders the forfeiture of their interests.

6. The parties agree that the sale of the Monterey Street property shall be handled by the Internal Revenue Service ("IRS") in a commercially reasonable manner. The IRS shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Monterey Street property. Any and all personal possessions not removed within

Stipulation for Final Order of Forfeiture and Order Thereon

thirty days from the entry of this Final Order of Forfeiture will be disposed of by the United States without further notice.

7. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Monterey Street property pursuant to this Final Order of Forfeiture, the United States will not contest payment to EverBank, from the proceeds of the sale, after payment of outstanding real property taxes assessed against the property and expenses reasonably incurred by the IRS in connection with its custody and sale of the property, of the following amounts in the following order of priority:

    a. All unpaid debt due to petitioner EverBank under the Deed of Trust recorded in the Kern County, California, Official Records as instrument number 0208184639, dated November 25, 2008. The unpaid debt includes a principal sum of $47,581.19, accrued interest of $2,887.58 as of January 27, 2016, together with accruing interest at a rate of $8.80 per day, and fees owing (e.g., late charges, property inspection fees, attorneys' fees, foreclosure costs, recordation fee, reconveyance fee, escrow advances, property taxes and insurance) which fees owing shall not exceed $15,000.00. After the sale of the Monterey Street property, the IRS will request of petitioner Everbank a current payoff statement, which shall be timely provided, to facilitate the payment of all unpaid debt due to petitioner Everbank at that time from the proceeds of the sale.

    c. To the United States, all net proceeds from the sale of the Monterey Street property, after the above disbursements to EverBank, to be forfeited to the United States and disposed of as provided for by law.

8. The payment to petitioner EverBank shall be in full settlement and satisfaction of all claims and petitions by EverBank to the Monterey Street property included as part of the criminal prosecution of the defendants by way of a Bill of

4

Stipulation for Final Order of Forfeiture and Order Thereon

Particulars filed on or about October 24, 2013, and of all claims arising from and relating to the detention and forfeiture of the Monterey Street property.

9. Upon payment, EverBank agrees to assign and convey their respective security or other interests to the United States via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims that currently exist or that may arise as a result of the Government's actions against and relating to the Monterey Street property. As against the United States and its agents, petitioner EverBank agrees to waive the provisions of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The release given under this paragraph shall apply only to conduct that has or may have occurred up to and including the date on which EverBank receives payment under the terms of this agreement. The waiver by EverBank of Civil Code § 1542 pertains only to the release given by EverBank under this agreement as to the subject Monterey Street property. EverBank expressly reserves all rights, and does not release any party, for any cross-complaint it might have in the event EverBank is sued by a third party for the actions of the United States or one of its agents, servants, employees or representatives.

10. Petitioner EverBank agrees not to pursue against the United States any other rights that it may have under the Promissory Note and/or Deed of Trust, including, but not limited to, the right to foreclose upon and sell the Monterey Street property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the Monterey Street property, and any right to assess additional interest or penalties except as specifically allowed herein.

11. Petitioner EverBank understands and agrees that by entering into this stipulation of their interest in the Monterey Street property, EverBank waives any right to litigate further their ownership interest in the Monterey Street property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, EverBank shall be excused and relieved from further participation in this action.

12. Petitioner EverBank understands and agrees that the United States reserves the right to void the stipulation if, before payment of the Promissory Note or lien, the U.S. Attorney obtains new information indicating that the petitioner is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Monterey Street property. In either event, the United States shall promptly notify EverBank of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees. Additionally, EverBank reserves the right to petition the Court for a modification of this order in the event it determines that the value of the subject Monterey Street property is at an amount which may not be sufficient to satisfy its lien.

13. The parties agree to execute further documents, to the extent reasonably necessary, to convey clear title to the Monterey Street property to the United States and to implement further the terms of this Stipulation.

14. Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

15. Payment to the petitioner EverBank pursuant to this Stipulation is contingent upon a forfeiture of the Monterey Street property to the United States, the United States' prevailing against any additional third parties alleging claims in an ancillary proceeding, and the Court's entry of this Final Order of Forfeiture.

16. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

Stipulation for Final Order of Forfeiture
and Order Thereon

17. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

Dated: February 19, 2016
BENJAMIN B. WAGNER
United States Attorney

/s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney


MALCOLM & CISNEROS

Dated: February 19 , 2016.
/s/ Andrew D. Scoble
ANDREW D. SCOBLE
Attorneys for Petitioner EverBank

## **ORDER**

The Court having received, read, and considered the foregoing Stipulation of the parties, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement.

IT IS SO ORDERED.

Dated:   February 19, 2016

SENIOR  DISTRICT  JUDGE

7

Stipulation for Final Order of Forfeiture and Order Thereon